UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:  _____

IN RE:

PETITION OF MOODY GRAY LLC
as titled owner of and for a 2001 Cabo 45 Express Sport Fisher,
Hull Identification Number CHXD0058K001,
her engines, tackle, and appurtenances, for
Exoneration from or Limitation of Liability,

     Petitioner.

_____/

## **PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Petitioner, MOODY GRAY LLC ("Petitioner"), as owner of a 2001 Cabo 45 Express Sport Fisher (hereinafter the "Vessel"), bearing Hull Identification No. CHXD0058K001, by and through undersigned counsel, and pursuant to the provisions of 46 U.S.C. § 30501 et seq., Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture ("Supplemental Admiralty Rule F"), and Local Admiralty Rule F, hereby respectfully petitions this Court for Exoneration from or Limitation of Liability for all claims arising out of an incident that occurred on or about May 31, 2021, on the navigable waters of the United States near St. Petersburg, Florida, and as grounds therefore states as follows:

1.      This is a case of admiralty and maritime jurisdiction within the meaning of Fed. R. Civ. P. Rule 9(h), 28 U.S.C. 1333 and U.S. Const. art. III, § 2.

2.      This action is brought by Petitioner pursuant to the terms of the Limitation of Liability Act, 46 U.S.C. §30501 et seq. and Supplemental Admiralty Rule F, governing Limitation of Liability actions.

3.      This Court has subject matter jurisdiction of this matter under 28 U.S.C. §§1331, 1333 and 46 U.S.C. §30501 et seq.

4.      At all times material hereto, the Vessel is and has been located within the territorial limits of the United States District Court for the Middle District of Florida. Therefore, venue is proper in this District pursuant to Supplemental Rule F(9).

5.      At all times material hereto, Petitioner was an individual residing in St. Petersburg, Florida.

6.      At all times material hereto, Petitioner is and has been owner of the Vessel.

7.      The events, acts, and circumstances giving rise to this Petition occurred on the navigable waters near St. Petersburg, Florida, on or about May 31, 2021, while the Vessel was engaged in maritime activity.

8.      Petitioner seeks exoneration pursuant to Supplemental Rule F(2) and, in alternative, seeks to claim and invoke the rights, privileges, remedies and procedures of the Shipowners Limitation of Liability Act, Title 46, U.S. Code Section 30501 et seq.

9.      At all times material hereto, the foregoing Vessel was in all respects seaworthy and suitable for use as a vessel on the navigable waters of the United States.

10.      At all times material hereto, Petitioner exercised due diligence to make the Vessel seaworthy in all respects and to properly man, equip, outfit and supply the Vessel with suitable machinery, apparel, appliances, personnel and other appropriate and necessary equipment, all in good condition and suitable for his intended operations.

11.      At all times material hereto, Petitioner was qualified, properly trained, and experienced in the use and operation of the Vessel.

12. On or about May 31, 2021, the Vessel is alleged to have been operated on navigable waters on St. Petersburg, Florida, when one minor girl was allegedly injured while trying to get onboard Claimant's vessel (the "Incident").

13. Said girl, Laine Campbell, through her mother, Lindsay Campbell, has communicated that, during the Incident, she sustained personal injuries.

14. Petitioner is otherwise unaware of any other demands, written notices, actions or proceedings as a result of the Incident.

15. The instant Petition for Exoneration from or Limitation of Liability is being filed less than six months after Petitioner's first receipt of notice regarding a potential claim in writing; therefore, it is timely filed pursuant to the provisions of Supplemental Rule F.

16. Pursuant to Supplemental Rule F(2) and 46 U.S.C. §30501 et seq., Petitioner seeks exoneration from or limitation of liability for any death, injuries, damages and losses of whatever description arising out of the aforesaid incident and desires to contest liability in the event claims are made or claimants allege they have valid defenses to the claims on the facts and law.

## COUNT I - EXONERATION

17. Petitioner reasserts allegations set forth in paragraphs one (1) through sixteen (16) above as if fully set forth at length herein.

18. At all times material prior to the alleged Incident, the Petitioner exercised due diligence to make the Vessel seaworthy in all respects and to properly man, equip, outfit and supply the Vessel with suitable engines, machinery, apparel, appliances, personnel and other appropriate and necessary equipment, all in good condition and suitable for his intended operations.

19. The Vessel was, at all times relevant to the alleged Incident described herein, completely seaworthy and free of any defect or deficiency in her hull, equipment and machinery.

Petitioner employed regular inspection practices to ensure the Vessel was properly equipped and outfitted at all times material to the subject Incident.

20.     There was no negligence on the part of the Petitioner that caused or contributed to any alleged injury or loss or damage sustained by Laine Campbell and/or any other potential claimants herein.

21.     At all times material hereto, Petitioner exercised reasonable care under circumstances.

22.     The Vessel, at all times material to this action, was reasonably manned, utilized and operated.

23.     Pursuant to Supplemental Rule F, Petitioner alleges it is entitled to exoneration as the damage sustained by Laine Campbell or any other potential claim arising from the Incident was not the result of any fault or neglect attributable to Petitioner.

WHEREFORE, pursuant to the provisions of Supplemental Rule F(2), Petitioner must be exonerated from all fault and legal responsibility for said incident.

## COUNT II – LIMITATION OF LIABILITY

24.     Petitioner reasserts allegations set forth in paragraphs one (1) through twenty-three (23) above as if fully set forth at length herein.

25.     Pursuant to 46 U.S.C. §§ 30505 and 30511, Petitioner, in the alternative, is entitled to limitation to the amount or value of the interest of said Petitioner in the Vessel following the Incident resulting in a fatality, personal injuries, and property damages or other potential claims arising from the Incident as the Incident occurred without the privity or knowledge of Petitioner within the meaning of 46 U.S.C. § 30505.

26.     The Vessel was within the jurisdiction of this Court at the time of the Incident.

27. Petitioner avers the value of the Vessel at the time of the Incident was no more than One Hundred Seventy Five Thousand Dollars and Zero Cents ($175,00.00), as reflected in the Ad Interim Stipulation of Value and Stipulation for Costs to be filed with this Court.

28. Subject to any appraisal of its interest upon reference, Petitioner deposits with the Court, as security for the benefit of claimant(s), a Letter of Undertaking from its insurer in the sum of $175,000.00, plus interest at 6% per annum from May 31, 2021, said sum being the value of Petitioner's interest in the Vessel following the incident. The Letter of Undertaking is attached hereto as **Exhibit 1**.

WHEREFORE, Petitioner prays:

a. This Honorable Court will enter an Order directing the issuance of a Monition to all persons, firms and corporations claiming damages for any and all losses, damages or injuries done, occasioned, sustained, or incurred by reason of the events described in this Petition, citing them to appear and answer the allegations of this Petition according to the law and practices of this Honorable Court on or before a date certain and time to be fixed by the Monition;

b. This Honorable Court enter an Injunction restraining the further prosecution and/or commencement hereafter of any and all suits, actions or legal proceeding of any nature or description already begun to recover damages arising out of, occasioned by or consequent upon the Incident as set forth in this Petition, except in the present proceeding;

c. This Honorable Court approve the Ad Interim Stipulation for Value to be filed with the Court as security for the potential claims subject to the Claimants' right to challenge the security as permitted by the Supplemental Rules and Local Admiralty Rules;

d. This Honorable Court adjudge and decree:

      i.      That Petitioner is not liable to any extent, but is exonerated from any responsibility, loss, damage, or injury, nor for any claim whatsoever in any way arising out of the Incident; or

     ii.      That if the Petitioner shall be judged liable, then such liability shall be limited to the value of his interest in the Vessel immediately following the Incident and be divided in accordance with the Claimants as may duly prove their claims, saying to all parties any priorities that they may be legally entitled and that a decree may be entered discharging Petitioner of all further liability;

e.   That Petitioner may have such other and further relief as this Court deems just and proper.

Dated: November 24, 2021

                   **RESPECTFULLY SUBMITTED,**

                   **McALPIN CONROY, P.A.**
                   80 S.W. 8th Street, Suite 2805
                   Miami, Florida 33130
                   (305) 810-5400 Tel.
                   (305) 810-5401 Fax

                   By: /s/ *George S. Florez*
                   George S. Florez, Esq.
                   FL Bar No.: 127331
                   GFlorez@McAlpinConroy.com
                   AMecias@McAlpinConroy.com
                   KMontalvo@McAlpinConroy.com